UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAMELA GREEN | CIVIL ACTION |
| v. | NO. 17-2101 |
| DOLLAR GENERAL AND<br>ABC INSURANCE COMPANY | SECTION "F" |

ORDER AND REASONS

Before the Court is Pamela Green's expedited motion to continue the submission date of the defendant's motion for summary judgment. For the reasons that follow, the motion is GRANTED.

**Background**

Pamela Green visited a Dollar General store in Violet, Louisiana on the evening of March 5, 2016. When she opened the door to the store freezer to retrieve some popsicles, an insulated plastic half-gallon jug called the Igloo Legend Beverage Cooler fell from its perch above the freezer onto Green's head. The contact allegedly caused a cervical herniation at the C-5/6 level. The insulated jug weighed 1.1 lbs.

Green sued DG Louisiana, LLC (Dollar General) in the 34th Judicial District Court in St. Bernard Parish on January 27, 2017. The action was removed to this Court on March 13, 2017. It was set for trial on October 10, 2017, but was continued. The trial is now

1

scheduled to take place on June 25, 2018. On March 5, 2018, the defendant filed a motion for summary judgment. The motion heavily relied on the deposition of Mindy McBride, a Dollar General employee. McBride testified that she had inspected the cooler placement an hour and a half before the incident, that the employees perform safety checks of the shelves and freezers three times a day, and that she personally tested the stability of the coolers by performing a "bump test." According to McBride, shortly after the incident she bumped up against the freezers and slammed their doors and yet the stacked coolers did not move. On March 12, 2018, the plaintiff filed a motion to continue the submission date of the defendant's motion for summary judgment, and a motion to expedite the motion to continue.

The motion asks to continue the submission date from March 21, 2018 until discovery is complete on May 10, 2018, pursuant to Federal Rule of Civil Procedure 56(d). It alleges that the plaintiff's counsel recently became aware that Mindy McBride was intimidated and coerced by her former manager at Dollar General, Mike Wiltz, before giving her deposition. Eric O'Bell, counsel for plaintiff, stated in a sworn declaration that McBride approached Green, told her that she was coerced, and provided copies of text messages between McBride and Wiltz. The plaintiff did not provide copies of the text messages to the Court with the initial moiton.

The motion to continue also states that the defendant has not provided the plaintiff with a working copy of the video surveillance of the premises from the day of the incident. Further, Green plans to depose former store manager, Mike Wiltz, and a former employee on duty during the incident, Katie Martinez. The plaintiff claims that obtaining the video, deposing the additional witnesses, and revisiting and assessing the credibility of McBride's testimony, which the defendant's motion relies on, will create a genuine issue of material fact.

On March 13, 2018, the Court granted the motion to expedite, reset the submission date to March 15, 2018, and ordered the defendant to submit his opposition by March 14, 2018. The defendant submitted a timely opposition, and the plaintiff filed a reply. The plaintiff also submitted a sworn affidavit by Green and copies of the text messages. Additionally, the plaintiff submitted an opposition to the motion for summary judgment.

In an affidavit attached to Green's reply, Green states that she knew McBride before the incident because they went to high school together. On November 2, 2017, McBride contacted Green via Facebook Messenger asking Green to call her. McBride told Green that before the deposition, she had been contacted by her supervisor via text and that he informed her that she could be held personally responsible if Dollar General was found at fault.

McBride emailed the text messages to Green on November 3, 2017. They have not communicated since. Green attached a copy of the texts to the reply. In response to a text from Mindy McBride stating that she has the deposition for Green tomorrow, a contact named "Mike Dollar General" replied:

> I thought that was a couple of weeks ago. [J]ust remember what I said if your store is found to be negligent then that is a direct reflection on you and you could be terminated for failing to protect company assets so you better say whatever it is you have to say to cover your ass.

Mindy responded, "I know." The deposition took place on July 28, 2017. Notably, Mike Wiltz was terminated from Dollar General on April 9, 2017 and was not her manager when she gave the deposition.

I.

Federal Rule of Civil Procedure 56(d) permits a district court to defer considering a pending motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Rule 56(d) motions "are broadly favored and should be liberally granted" because they "safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." Culwell v. City of Fort Worth, 468 F.3d 868, 872 (5th Cir. 2006). Regardless, the party seeking a continuance "may not simply rely on vague assertions that additional discovery will produce needed,

4

but unspecified, facts." Raby v. Livingston, 600 F.3d 552, 561 (5th Cir. 2010)(quoting Sec. & Exch. Comm'n v. Spence & Green Chem. Co., 612 F.2d 896, 901 (5th Cir. 1980)). Instead, the party must indicate (1) "why he needs additional discovery" and (2) "how the additional discovery will create a genuine issue of material fact." Krim v. BancTexas Grp., Inc., 989 F.2d 1435, 1442 (5th Cir. 1993).

## II.

### A.

Green seeks a continuance of the submission date for the defendant's pending motion for summary judgment. She contends that the evidence of witness intimidation, remaining two depositions, and need to review a workable copy of the surveillance video demonstrate a need for additional discovery. According to Green, without the video, depositions from the manager and on duty employee, and without further probing McBride to determine the accuracy of her testimony, she does not have essential facts to oppose the summary judgment motion.

Dollar General vigorously opposes the motion. Although it had not yet viewed the text messages when it submitted its opposition, it contends that because Wiltz had been terminated months before McBride gave her deposition, he was not in a position to intimidate or influence her. Moreover, McBride was terminated from Dollar

General on October 10, 2017. She contacted the plaintiff about three weeks later. On November 29, 2017, the plaintiff's counsel served the defendant with requests for admission. Four of the requests refer to a Dollar General employee communicating with an employee about offering untruthful testimony. For example, Request for Admission No. 1 states, "Admit or deny that any representative of Dollar General encouraged any Dollar General employee to protect the company by testifying untruthfully in this matter." The defendant contends that these questions make clear that the plaintiff's counsel was aware of Wiltz's text messages, yet they waited three and a half months and until the defendant submitted a motion for summary judgment to notify the defendant or the Court.

Dollar General also attacks the plaintiff's complaint that the defendant has not produced a usable surveillance video. The defendant produced a CD copy of the store surveillance video to the plaintiff in September 2017. After the plaintiff notified the defendant that the CD did not work, the defendant's counsel invited the plaintiff to send a copying service of their choosing to make a copy of the defendant's original CD. Although the plaintiff stated in January and February that he would send over a copying service, the parties did not meet to exchange the CD until last week. Because the plaintiff has not diligently sought to resolve this issue, the defendant contends that he should not get an

extension of time. Additionally, there is no video of the plaintiff's incident or of the aisle and freezers; there was no surveillance camera filming that area of the store. Dollar General contends that even if the plaintiff had a workable copy, it would not illuminate contested issues of material fact because the existing video surveillance does not show the how the thermos was positioned on top of the freezers or how the thermos fell.

Finally, the defendant alleges that the plaintiff has not actively pursued discovery. The plaintiff's recent request to depose Mike Wiltz and Katie Martinez was preceded by months of inactions; until this month, the plaintiff had not attempted to since it deposed McBride on July 28, 2017. Although the plaintiff became aware of Mike Wiltz or Katie Martinez in July 2017 through the production of the incident report, the plaintiff did not request to depose Mike Wiltz until March 1, 2018 and Katie Martinez until March 8, 2018. The defendant filed its motion for summary judgment on March 5, 2018. It alleges that the plaintiff's lack of diligence in completing discovery bars her from obtaining a continuance.

B.

The Court is not impressed with the plaintiff's counsel's timeliness in pursuing discovery in this case. Nonetheless, Green has satisfied her burden by demonstrating why she needs discovery

7

and how the discovery will create a genuine issue of material fact. There are only a few employees who have personal knowledge of the Dollar General's operations on the day of the incident. Most, if not all, information on the record that pertains to Dollar General's conduct in regards to stacking inventory and the facts surrounding the incident in question comes from McBride's testimony. The defendant's motion for summary judgment heavily relies on McBride's testimony; the motion does not cite to any other Dollar General employee or use any other source for factual information except for the plaintiff's testimony. As there are credible allegations that undermine the accuracy of her statements, further discovery to assess the truthfulness of her testimony and to simply obtain testimony from other Dollar General employee's is necessary.

In regards to the testimony itself, the Court is deeply concerned by the evidence presented by Green. Even if Wiltz was terminated, the evidence, if provable, may discredit McBride's testimony.[1] However, the Court is equally troubled by the plaintiff's counsel's handling of this issue. The Court recognizes

---

[1] Moreover, the Court is compelled to articulate its concern that one or more of the witnesses to this case fails to appreciate the criminal consequences of lying under oath. Counsel should be aware that this Court will not hesitate to refer anyone suspected of perjury to the United States Attorney's Office and related agencies for investigation.

that Green became aware of this issue four and a half months ago, and that the November requests for admission suggest that the plaintiff's counsel was also aware of the allegedly tampered testimony. If true, counsel wasted the Court's and the defendant's time by not notifying either of this very serious allegation.[2] The plaintiff has had months to address McBride's allegedly falsified testimony, and develop a credible record. Waiting until the defendant filed a motion for summary judgment that wholly relies on that testimony to raise this issue is inefficient at best, and deceitful and unethical at worst. However, as the plaintiff does not request any relief specifically in regards to the allegedly coerced testimony, the Court only notes its concern.[3]

Accordingly, IT IS ORDERED: that the submission date for the defendant's motion for summary judgment is hereby continued until May 30, 2018. IT IS FURTHER ORDERED: that the defendant may supplement its motion no later May 15, 2018, and the plaintiff may supplement its opposition no later than May 22, 2018.

---

[2] Counsel might wish to become better acquainted with 28 U.S.C. § 1927.

[3] The Court may not and has not made any credibility determinations of McBride's testimony in resolving the pending motion for summary judgment. Nothing in this Order and Reasons should be construed as a finding that McBride was coerced and intimidated, or that her testimony was false.

New Orleans, Louisiana, March 16, 2018

_____
       MARTIN L. C. FELDMAN
    UNITED STATES DISTRICT JUDGE